IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAINT-GOBAIN CERAMICS AND PLASTICS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-40034 |
| COORSTEK, INC., | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT COORSTEK'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Defendant CoorsTek, Inc. ("CoorsTek"), by and through its attorneys, hereby answers the Complaint of Plaintiff Saint-Gobain Ceramics and Plastics, Inc. ("Plaintiff") as follows:

**NATURE OF THIS ACTION**

1.   CoorsTek admits that this is an action for the alleged infringement of U.S. Patent No. 6,669,871 (the "'871 patent"). CoorsTek further admits that Plaintiff's Exhibit A to the Complaint appears to be a copy of the '871 patent. CoorsTek is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, and on that basis denies those allegations.

**PARTIES**

2.   CoorsTek is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis denies those allegations.

3.   CoorsTek admits the substance of paragraph 3.

**JURISDICTION AND VENUE**

4. CoorsTek admits that this action purportedly arises under the patent laws of the United States, Title 35 of the United States Code.

5. CoorsTek admits that this Court has subject matter jurisdiction over the allegations raised in the complaint pursuant to 28 U.S.C. § 1338(a).

6. CoorsTek admits venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(b). CoorsTek also admits that it systematically and continuously conducts substantial business in the District of Massachusetts. CoorsTek denies the remaining allegations of paragraph 6.

**COUNT I**

**(Patent Infringement)**

7. CoorsTek incorporates by reference its responses to paragraphs 1 through 6 above.

8. CoorsTek is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8, and on that basis denies those allegations.

9. CoorsTek is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9, and on that basis denies those allegations.

10. CoorsTek is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies those allegations.

11. CoorsTek denies the allegations of paragraph 11.

**FIRST AFFIRMATIVE DEFENSE**

12. Upon information and belief, CoorsTek has not infringed either directly, contributorily, or by inducement, the claims of the '871 patent either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**

13. Claims of the '871 patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

14. Plaintiff's purported claims, and each of them, fail to state a claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

15. CoorsTek alleges that all of its actions were proper and legally justified, privileged and/or excused.

**FIFTH AFFIRMATIVE DEFENSE**

16. Plaintiff's purported claims, and each of them, are barred under the doctrines of laches, estoppel and/or waiver.

**REQUEST FOR RELIEF**

WHEREFORE, CoorsTek requests that this Court:

A. Deny all claims for relief set forth in the Complaint and enter judgment in favor of CoorsTek and against Plaintiff on all claims;

B. Award CoorsTek attorneys' fees and costs incurred in defending this action; and

C. Award such other relief as is deemed proper and just.

## COUNTERCLAIMS

1. CoorsTek is a corporation organized under the laws of the State of Delaware having its principal place of business in Golden, Colorado.

2. On information and belief, Plaintiff is a corporation organized under the laws of the State of Delaware having its principal place of business in Worcester, Massachusetts.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Declaratory Judgment Act, 18 U.S.C. §§ 2201 *et seq.* Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, and 1338(a).

4. Venue is proper in this district because Plaintiff resides in this district. Venue also is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b).

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement and Non-Liability - 28 U.S.C. § 2201)**

5. CoorsTek incorporates by reference each and every allegation contained in paragraphs 1-16 (Answer) and 1-4 (Counterclaims) above.

6. In its Complaint, Plaintiff alleges that CoorsTek infringes the '871 patent. Upon information and belief, CoorsTek has not infringed, either directly, contributorily, or by inducement, the claims of the '871 patent either literally or under the doctrine of equivalents.

7. An actual and justiciable controversy exists between Plaintiff and CoorsTek, as evidenced in part by Plaintiff's filing of the Complaint alleging infringement of the '871 patent by CoorsTek.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Patent Invalidity - 28 U.S.C. § 2201)**

8. CoorsTek incorporates by reference each and every allegation contained in paragraphs 1-16 (Answer) and 1-7 (Counterclaims) above.

9. By its allegations of infringement, Plaintiff has asserted that the '871 patent is valid.

10. One or more claims of the '871 patent is invalid under one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, and/or 112.

11. An actual and justiciable controversy exists between Plaintiff and CoorsTek, as evidenced by Plaintiff's filing of the Complaint alleging the validity and infringement of the '871 patent by CoorsTek.

WHEREFORE, CoorsTek prays for judgment as follows:

A. Declare U.S. Patent No. 6,669,871 to be invalid and/or not infringed by CoorsTek and/or any of its respective officers, agents, employees or related entities;

B. Order Plaintiff to pay CoorsTek's attorneys' fees and costs pursuant to 35 U.S.C. § 285 *et seq.*; and

C.  Award such other further relief as the Court deems proper and just.

Respectfully Submitted,

COORSTEK, INC.,

By its attorneys,

Dated: September 17, 2004         /s/ Gregg Shapiro
Gregg Shapiro (BBO #642069)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000

Of Counsel:
David E. Sipiora
Kenneth S. Chang
Townsend and Townsend and Crew, LLP
1200 17th Street, Suite 2700
Denver, CO 80202

3747155